■ In the Matter of EDWARD WOLFE et al., Petitioners, v STATE TAX COMMISSION, Respondent. (Proceeding No. 1.) In the Matter of RICHARD H. APPERT et al., Petitioners, v STATE TAX COMMISSION, Respondent. (Proceeding No. 2.)—Main, J. P.
Proceedings pursuant to CPLR article 78 (consolidated and transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review two determinations of respondent which sustained personal income tax assessments imposed under Tax Law article 22.

Petitioners Edward Wolfe and Richard H. Appert (hereinafter petitioners) were, in 1978, partners in the law firm of White & Case, the principal office of which was located in Manhattan. The firm, which derived income from within and without this State, filed Federal, New York State and New York City partnership returns for 1978. The dispute underlying this proceeding involves petitioners' computations, on their own 1978 State income tax returns, of the maximum tax on their personal service incomes.

As part of such computations, both petitioners included in New York personal service net income not only their ordinary income from the firm, but also a proportionate amount of the New York City unincorporated business tax (UBT) that had been deducted by the law firm for Federal income tax purposes. Thereafter, the Department of Taxation and Finance issued notices of deficiency to both petitioners, asserting in each case that the UBT could not be considered in calculating personal service net income. Petitioners then filed petitions for redetermination of deficiency, but respondent denied the petitions and sustained the notices of deficiency. These proceedings to challenge respondent's determinations ensued. In both, the sole issue raised is whether the UBT amount should be included in personal service net income in figuring the maximum tax on personal service income.

Tax Law § 603-A, as it read in 1978, stated as follows:

"(c) The New York personal service taxable income of an individual is the excess of:

"(1) the amount which bears the same ratio (but not in excess of one hundred percent) to his New York taxable income as his New York personal service net income bears to his New York adjusted gross income, over

"(2) the sum of his items of tax preference, as defined in this article, for the taxable year.

"For purposes of paragraph one of this subsection, the term 'New York personal service net income' means New York personal service income *reduced by any deductions allowable under section sixty-two of the internal revenue code which are properly allocable to or chargeable against such New York personal service income"* (emphasis supplied).

It is petitioners' contention that the UBT amount should be included in their personal service net incomes; respondent argues that it should not be so included.

We must agree with petitioners that the UBT amounts are not deductions that are "properly allocable to or chargeable against * * * personal service income" (Tax Law former § 603-A [c]) and, so, should be included in their personal service net incomes *(see,* Tax Law § 612 [b] [3] [which requires inclusion of the UBT amounts in petitioners' New York adjusted gross incomes]).

Under respondent's logic, the following hypothetical situation would exist: Taxpayer A and taxpayer B, both filing New York State income tax returns, have identical New York State adjusted gross incomes. Taxpayer A is subject to a New York City UBT and, so, must apply a portion of his earnings to pay that tax. Taxpayer B, on the other hand, is not subject to such UBT. Applying the statutory formula and, as respondent espouses, not including the UBT amount in taxpayer A's personal service net income, taxpayer A will be penalized— solely by virtue of his having paid the UBT—by being accorded a smaller tax benefit in calculating the maximum tax on his personal service income. Thus, taxpayer A will pay New York State income tax at a higher level than if he had not been subject to the UBT and had been able to retain that portion of his income that, in fact, was applied to pay the UBT. Meanwhile, taxpayer B, with the very same New York State adjusted gross income as taxpayer A, did not have to expend any of his money to pay a UBT and now will benefit from a larger tax benefit than that given taxpayer A, thus paying a lesser amount of New York State income tax. Such an anomalous result as this could not have been intended by the Legislature and will be avoided by including the UBT amounts in petitioners' New York State personal service net incomes.

Determinations modified, without costs, by annulling so much thereof as sustained those portions of the notices of deficiency that failed to include in New York State personal

service net income those amounts of New York City unincorporated business tax paid by petitioners in 1978; petitions granted in such respect and matter remitted to respondent for further proceedings not inconsistent herewith; and, as so modified, confirmed. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.